IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| COREY BERNARD HEARD, ) | |
| AIS 227128, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 3:23-cv-418-RAH-SMD |
| ) | |
| ANTONIO MCCLAIN, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Corey Heard, an inmate proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Thereafter, Respondents filed an Answer, arguing that Heard's claims are time-barred, unexhausted, defaulted, and that he is otherwise not entitled to habeas relief. On September 8, 2023, the Court ordered Heard to show cause why his Petition should not be dismissed. On September 25, 2023, Heard filed his Response. Upon consideration of the parties' filings, and for the reasons stated below, Heard's § 2254 Petition will be denied without an evidentiary hearing as time-barred[1] and therefore will be dismissed with prejudice.

**II.   BACKGROUND**

On August 15, 2019, Heard pleaded guilty to breaking and entering a motor vehicle and received a ten-year sentence for that conviction. He did not appeal.

---

[1] Since the statute of limitations is dispositive, the Respondents' other arguments for dismissal will not be discussed.

On February 17, 2022, Heard pleaded guilty to second-degree rape and received a twenty-year sentence. Heard did not appeal that conviction either. However, Heard did file Rule 32 petition on November 24, 2022, that ultimately was dismissed on June 26, 2023, due to Heard's failure to pay the filing fee.

Heard filed the instant Petition on July 11, 2023. In his Petition, Heard argues that he received ineffective assistance of counsel in the rape case, that the State failed to prove the essential elements of second-degree rape, that Heard's arraignment and indictment were defective with regard to his second-degree rape conviction, and that the trial court lacked subject matter jurisdiction in Heard's rape and unlawful breaking and entering cases.

### III.   DISCUSSION

Respondents argue that Heard's Petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA contains the following time limitations for federal habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Heard was convicted and sentenced on August 19, 2019, on the breaking and entering charge and on February 17, 2022, on the rape charge. Since he did not appeal from either conviction, his convictions became final 42 days later on September 26, 2019, and April 1, 2022, respectively. He therefore had until September 26, 2020, to challenge his breaking and entering conviction and April 1, 2023, to challenge his rape conviction. His Petition, filed on July 11, 2023, therefore was filed too late.

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitation period is tolled during the pendency of a properly filed state court petition. While Heard never filed a petition in the state trial court seeking post-conviction relief on his 2019 breaking and entering conviction, he did file a Rule 32 petition on his 2022 rape conviction. That petition however was dismissed for failure to pay the filing fee, and therefore the filing of that petition does not toll the AEDPA limitation period under § 2244(d)(2). *See Smith v. Comm'r Alabama Dep't of Corr.* 703 F.3d 1266, 1270 (11th Cir. 2012) (holding that where a Rule 32 petition includes neither a filing fee or *informa pauperis status*, it is not properly filed and AEDPA's limitation period under § 2244(d)(2) is not statutorily tolled).

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B)-(D) provide no safe harbor either. There is no evidence that unlawful state action impeded Heard from

3

filing a timely § 2254 Petition, *see* § 2254(d)(1)(B); Heard presents no claim resting on a "right [that] had been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" *see* § 2254(d)(1)(C); and Heard submits no ground for relief with a factual predicate not discoverable earlier with due diligence, § 2254(d)(1)(D). As such, Heard has not shown his entitlement to statutory tolling.

The limitation period in federal habeas proceedings may be equitably tolled "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010).

The Eleventh Circuit has made clear that "[t]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner" and "[m]ere conclusory allegations are insufficient to raise the issues of equitable tolling." *Smith v. Warden*, No. 19-10768-F, 2020 WL 5153592, at *3 (11th Cir. Apr. 14, 2020) (quoting *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011)). Thus, "the allegations supporting equitable tolling must be specific and not conclusionary." *Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012).

Here, Heard argues that he has been pursuing his rights diligently and that several extraordinary circumstances exist including: the COVID-19 pandemic, Easterling Correctional Facility's law library catching on fire, and prisoner misconduct causing various lockdowns. Heard however has provided nothing to support his allegations that these circumstances actually delayed the filing of Petition..

That issue aside, even assuming that these events occurred and did impact Heard's ability to file his petition, they nevertheless are not enough for equitable tolling whether considered separately or jointly. When it comes to the COVID-19 pandemic, the Eleventh Circuit has held that, because every prisoner was subject to COVID-19 protocols, that event does not constitute an extraordinary circumstance for equitable tolling purposes. *See Rush v. Sec'y, Fla. Dep't of Corr.,* 2021 WL 3134763, at *1 (11th Cir. June 22, 2021); *Powell v. United States,* No. 21-12432-J, 2022 WL 2811987, at *1 (11th Cir. May 3, 2022) ("Under this Court's precedent, lockdowns and similar limitations imposed because of the COVID-19 pandemic were not extraordinary circumstances which by themselves justify equitable tolling."). And when it comes to prison lockdowns as a result of fires and prisoner misconduct, the Eleventh Circuit has held that these types of events do not constitute extraordinary circumstances either for equitable tolling purposes. *See Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000); *Dodd v. United States*, 365 F.3d 1273, 1282-83 (11th Cir. 2004) ("[L]ockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate.") Thus, Heard provides nothing that supports equitable tolling here.

Heard finally argues that a fundamental miscarriage of justice would occur if his petition is denied as untimely. A fundamental miscarriage of justice generally occurs "only when a constitutional violation has probably resulted in the conviction of…[an] innocent [person]." *Carruth v. Comm'r, Ala. Dep't of Cor.*, 93 F.4th 1338, 1355 (11th Cir. 2024) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citing *Schlup*, 513 U.S. at 324). Thus, a petitioner will be considered actually innocent only if they can demonstrate that "it is more likely than not that no reasonable juror would have

convicted him in light of the new evidence presented in his habeas petition." *Calderon*, 523 U.S. at 538 (internal quotations omitted). Because of this high standard, "in virtually every case, the allegation of actual innocence has been summarily rejected." *Schlup*, 513 U.S. at 324 (internal quotations omitted).

Heard argues that a fundamental miscarriage of justice has occurred because of ineffective assistance of counsel, the State failing to prove the essential elements of second-degree rape, receiving inadequate notice of the charges filed against him, and the state court lacking subject matter jurisdiction. But Heard presents no new exculpatory scientific evidence, trustworthy eyewitness accounts, critical physical evidence, or anything other than conclusory allegations that lack any factual support. This of course ignores the fact that Heard voluntarily pleaded guilty to both criminal charges in negotiated plea deals with the State.[2] As a result, Heard has failed to show that he is "actually innocent" for purposes of invoking the fundamental miscarriage of justice exception.

In short, Heard had until September 26, 2019, to challenge his breaking and entering conviction and until April 1, 2023, to challenge his rape conviction. His § 2254 Petition, in the absence of any tolling, filed on September July 11, 2023, therefore comes too late and is time-barred.

## IV. CONCLUSION

For the above reasons, it is ORDERED that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 is **DENIED** without an evidentiary hearing, and this case is **DISMISSED WITH PREJUDICE**.

---

[2] *See Bimline v. United States*, 2020 U.S. Dist. LEXIS52673 at *7-8 (E.D. Tex. March 4, 2020) (string cite supporting proposition that Courts have been unwilling to allow prisoners to invoke actual innocence after a guilty plea).

**DONE** and **ORDERED** on this the 12th day of November 2025.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE